UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:22-cr-165 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| ROY G. MORGAN, III, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

On November 18, 2022, Defendant Roy G. Morgan, III ("Morgan") was sentenced to a within-Guidelines range sentence of 60 months after pleading guilty to one count of felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). (Doc. 23, Judgment.) Morgan now seeks relief pursuant to Amendment 821 to the United States Sentencing Guidelines because two status points were incorrectly assessed at the time of sentencing. (Doc. 27, Motion for Reduction in Sentence Under Amendment 821, Pursuant to U.S.C. § 3582(c)(2).) Arguing that Part A of Amendment 821 does not alter Morgan's criminal history category, the government opposed. (Doc. 29.)

I.      RELEVANT BACKGROUND

At sentencing, the Court determined that Morgan's 49 prior convictions resulted in a subtotal criminal history score of 18. (Doc. 19, PSR, ¶¶ 24-73.) At that time, two status points were added pursuant to U.S.S.G. § 4A1.1(d). (*Id.*, ¶ 74.) Morgan was under a criminal justice act sentence for having a weapon under disability at the time of the offense conduct. (*Id.*) The

resulting criminal history score was 20, and the applicable criminal history category was VI. (*Id.*, ¶ 75.)

Morgan correctly states that Part A to Amendment 821 to the Sentencing Guidelines, which took effect on November 1, 2023, and applies retroactively, eliminated the application of two status points altogether. (Doc. 27 at 174.)[1]  As amended, defendants with seven or more criminal history points can only be assessed one status point. U.S.S.G. § 4A1.1(e). (*Id.*)  On this, both parties agree.  The disagreement lies in whether applying Part A reduces Morgan's criminal history category. (Doc. 27 at 175; *cf.* Doc. 29 at 182-83.)

II.     **LAW AND ANALYSIS**

District courts are generally prohibited from modifying "a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c).  However, when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," that sentence may be reduced if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" and the Section 3553(a) factors weigh in favor of a reduction.  18 U.S.C. § 3582(c)(2).

To comply with § 3582(c)(2), the court must adhere to a two-step process.  *Dillon v. United States*, 560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010).

> At step one, § 3582(c) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized.  Specifically, § 1B1.10(b)(1) requires the court to begin by determin[ing] the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing.  In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

---

[1] Unless otherwise indicated, all internal citations are to the PageID # generated by the CM/ECF system.

*Id.* at 827 (citation and quotations omitted).

If a reduction is consistent with § 1B1.10(b)(1), the court then proceeds to step two:

At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

*Id.*

Morgan's request for relief fails at step one. A total of 13 or more criminal history points results in a criminal history category VI. Before any status points applied, Morgan's subtotal criminal history points were 18. Removing one status point in accordance with Part A does not disturb Morgan's criminal history category. Thus, he is not entitled to a sentencing reduction. The Court notes, however, that Morgan's commitment to improving his conduct and condition through prison employment and BOP programming is commendable.

### III.  CONCLUSION

For the reasons stated herein, Defendant Roy G. Morgan, III's Motion for Reduction in Sentence Under Amendment 821, Pursuant to U.S.C. § 3582(c)(2) is DENIED.

**IT IS SO ORDERED.**

Date: December 10, 2025

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE